## J. D. QUINN, Appellant, v. JAMES W. McCALLUM et al., Respondents.

### Kansas City Court of Appeals, March 2, 1914.

1. **DEEDS OF TRUST:** Mortgage: Note in Duplicate: Negotiation. When a ded of trust or mortgage is executed to secure the payment of a negotiable promissory note therein described and a duplicate of such note is executed at the same time, the one of such notes that is negotiated first, to an innocent purchaser, will carry the security with it and a purchaser of the other will have no right in the mortgage.

2. **EVIDENCE.** Burden of Proof. The burden of maintaining his case by satisfactory evidence is on the plaintiff. And though, in fact, he may be entitled to relief, if he cannot show it by reasonably convincing evidence it is his misfortune.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Sharp, Sharp & Sharp* and *Ed. A. Aleshire* for appellant.

*T. A. Witten* for respondents.

ELLISON, P. J.—This action was instituted to enjoin the sale of certain real property by the trustee in a deed of trust. On trial of the merits the injunction was dissolved, and plaintiff has appealed.

It appears that on April 29, 1912, one Griggs executed a note for $1200 payable to one Bowen and that the latter endorsed it in blank, without recourse, giving it into the possession of Griggs, and the latter transferred it to the Fidelity State Bank of Kansas City, Kansas. Afterwards the bank sold the note to plaintiff. There was evidence tending to show that the bank acquired the note on April 30th and that the date of plaintiff's getting it from the bank was August 9th.

But it was shown in behalf of defendant that an-

178 Mo. App. 16

other note, of same date and amount and similar in all respects, appearing to be secured by the same deed of trust was executed by Griggs to Bowen and was negotiated by the latter to defendant on the next day, April 30th, the deed of trust being delivered with the note.

So it appears that a note and deed of trust to secure it was executed in duplicate. One of these was endorsed in blank by Bowen the payee and left with Griggs the maker and he sold to the bank and the latter sold it to plaintiff. The other was sold and endorsed to defendant by Bowen.

The law is that where a transaction concerns one note secured by a mortgage or deed of trust and duplicate notes are executed, the one first negotiated to an innocent purchaser carries the mortgage security. [Southern Com. Bank v. Slatterly, 166 Mo. 620.] In Ponder v. Colvin, 170 Mo. App. 55 we had a case of duplicate notes, but the points made there are not found in this case. In this case plaintiff claims that defendants (the trustee in the deed of trust and one Fradenburg) should be enjoined from selling the real estate to pay the note held by Fradenburg, for the reason that the bank from which he (plaintiff) obtained the note he holds, bought it of Griggs *before* Fradenburg bought his note from Bowen; and that, therefore, the deed of trust went with it and he, and not defendant, is the owner with right to foreclose.

We have examined the evidence and find ourselves unable to say that plaintiff proved his case at the trial. There was evidence in his behalf tending to show that the bank got the note of Griggs on the 30th of April, 1910. So there is evidence that Fradenburg got his note from Bowen on that day and there is nothing to show that plaintiff got his first. On the contrary there is this circumstance in favor of defendant Fradenburg: He got his note and the deed of trust at the same time (April 30th) and it had not at that time been recorded. It was recorded on that day and defendant

is of the impression that he sent it to the recorder's office. But be that as it may, plaintiff has not shown that he holds his duplicate through the first negotiation. He did attempt in a negative way to show that defendant did not get his duplicate from Bowen until about the 30th of July. Bowen was the witness relied upon, but we do not see that the trial court, or this court, should accept his testimony in preference to Fradenburg. It was of very uncertain and indefinite character. He said the time when this occurred "is kind of mixed up in my mind;" and "to the best of my recollection it was either before or just after I came back from a short trip to the North." He was asked to give his best recollection as to the date of his negotiation with Fradenburg, and he answered in these words: "Well I heard Mr. Fradenburg's evidence, and he has got tangled up on some other transaction that we had I think; well of course it seems as though I am completely contradicting Mr. Fradenburg. My recollection is that the exact date was July 30, 1910, on this transaction." Then he went through a series of indefinite and unsatisfactory answers as to other matters. Then he was finally asked if he had not been defrauding people by this system of duplicating notes secured by one deed of trust, and if an agent had not been selected to collect his "salary" and apply it on such notes. His answer was, "Not on these notes." So we repeat that we see no reason for crediting Bowen over Fradenburg.

When a plaintiff comes into court, he assumes the burden of showing himself entitled to relief. If, in fact, he is entitled to such relief and yet cannot prove it to the reasonable satisfaction of the court, it is his misfortune, and it leaves him no right to a judgment based on evidence of such unsatisfactory character as will fail to carry reasonable conviction.

The judgment is accordingly affirmed. All concur.